# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Dorothy Mae Brooks-Mills, ) | Civil Action No. 3:17-cv-01849-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Lexington Medical Center; Tod Augsburger, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Dorothy Mae Brooks-Mills filed this action against her former employer, Defendant Lexington Medical Center, and its president and chief executive officer, Tod Augsburger, alleging that she was subjected to (1) retaliation for engaging in protected activity and (2) discrimination because of her race, sex, age, and disability, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, and 42 U.S.C. § 1981. (ECF No. 79.)

This matter is before the court on Defendants' Amended Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 81.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On October 12, 2018, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendants' Motion for Summary Judgment as to all Plaintiff's claims. (ECF No. 93.) Plaintiff filed Objections to the Report and Recommendation, which are presently before the court. (ECF No. 95.) For the reasons set forth below, the court **REJECTS** the Magistrate Judge's recommendation,

**DENIES WITHOUT PREJUDICE** Defendants' Motion for Summary Judgment, **SUSTAINS** Plaintiff's objection, and **GRANTS** Plaintiff's request for an extension of the scheduling order.

## I. RELEVANT BACKGROUND TO PENDING MOTION

The facts of this matter are discussed in the Report and Recommendation. (*See* ECF No. 93.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of her claims.

On October 26, 2016, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1 at 5.) In the Charge, Plaintiff alleged that she was discriminated against and suffered retaliation because of her race, color, gender/sex, and disability in violation of the ADA, Title VII, and the ADEA. (*Id.* at 3–4.) After receiving notice of the right to sue from the EEOC on or around April 14, 2017 (*see* ECF No.1-1), Plaintiff filed a pro se action in this court on July 13, 2017. (ECF No. 1.) Defendants answered the Complaint on October 20, 2017, denying its allegations. (ECF No. 25.)

On October 23, 2017, the court entered a Scheduling Order. (ECF No. 27.) Pursuant to the Scheduling Order, discovery would end on February 20, 2018, and all dispositive motions were to be filed on or before March 19, 2018. (*Id.* at 1 ¶¶ 5, 6.) On March 8, 2018, Defendants filed a Motion for Extension of Time to File Dispositive Motions (ECF No. 46) requesting a new deadline of April 2, 2018, which the court granted. (*See* ECF No. 48.) However, Defendants did not file any dispositive motion on April 2, 2018. On April 3, 2018, the court issued an Order directing the parties to submit the status of the case, observing that "[a]s of the date of this order [April 3, 2018], no party has filed a potentially dispositive motion regarding the merits of this case." (ECF No.

52.) After missing the extended April 2, 2018 deadline for dispositive motions set by the court, Defendants filed another Motion for Extension of Time to File Dispositive Motions (ECF No. 54), on April 3, 2018, asking to extend the dispositive motion deadline until April 9, 2018. The court granted Defendants' Motion without making a specified finding of excusable neglect. (ECF No. 55.)

On April 9, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 58.) On April 10, 2018, the court issued a Roseboro Order to Plaintiff, granting Plaintiff until May 11, 2018 to respond to Defendants' Motion for Summary Judgment. (ECF No. 59.) On April 26, 2018, counsel filed a Notice of Appearance (ECF No. 69) to represent Plaintiff in this matter. On May 11, 2018, Plaintiff filed a Motion to Amend/Correct her Complaint, a Motion to Amend the Scheduling Order, and a Motion to Stay Summary Judgment. (ECF Nos. 71, 72, 73.) On May 25, 2018, Defendants filed a Response in Opposition to Plaintiff's Motion to Amend Complaint and Motion to Amend Scheduling Order. (ECF No. 75.)

On August 7, 2018, the court issued an Order granting Plaintiff's Motion to Amend the Complaint, directing the Plaintiff to immediately file her Amended Complaint, but denying her Motion to Amend the Scheduling Order. (ECF No. 78.) In granting Plaintiff's Motion to Amend the Complaint, the court found that "in the interest of justice, granting [] [P]laintiff leave to file[] an Amended Complaint is appropriate under Rule 15(a)(2)." (ECF No. 78 at 3.) In denying Plaintiff's Motion to Amend the Scheduling Order, the court observed that Plaintiff "has not demonstrated good cause to extend the scheduling order." (*Id.* (citing Fed. R. Civ. P. 16(b)(4)).) On August 8, 2018, Plaintiff filed her Amended Complaint. (ECF No. 79.)

On August 14, 2018, Defendants filed an Amended Motion for Summary Judgment, asserting that they were entitled to judgment as a matter of law as to all of Plaintiff's claims. (ECF

No. 81.) Plaintiff filed a Response Memorandum in Opposition to Defendants' Motion for Summary Judgment on August 28, 2018, to which Defendants filed a Reply Memorandum in Support of Summary Judgment on September 4, 2018. (ECF Nos. 85, 86.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge issued her Report and Recommendation on October 12, 2018, recommending that Defendants' Motion for Summary Judgment be granted as to all of Plaintiff's claims. (ECF No. 93.) On October 17, 2018, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 95.)

## II. JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claims via 28 U.S.C. § 1331, as the claims arise under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII. Additionally, the court has jurisdiction over Plaintiff's ADA claims via 28 U.S.C. § 1331, as the claims arise under a law of the United States, and also via 42 U.S.C. §§ 12117 & 2000e–5(f)(3), which empower district courts to hear claims by "person[s] alleging discrimination on the basis of disability." Finally, the court has jurisdiction over Plaintiff's ADEA claims via 28 U.S.C. § 1331, as they arise under a law of the United States, and also via 29 U.S.C. § 633(c), which statute empowers district courts to hear claims brought under the ADEA.

## III. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are

filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## IV. ANALYSIS

In reviewing Plaintiff's Objections to the Report and Recommendation, the court found most impactful Plaintiff's complaints that she was not allowed to conduct discovery with counsel and that the Magistrate Judge effectively hindered the parties' ability to resolve their dispute by issuing the Report recommending summary judgment for Defendants six (6) days before the scheduled mediation.[1] (ECF No. 95 at 9.) In this regard, Plaintiff asserts that her "[in]ability to participate in discovery and the Court's issuance of the Report prior to Mediation has now, practically speaking, made any efforts by Plaintiff in furtherance of changing the procedural landscape of this matter, futile." (*Id.* at 10.)

Upon consideration of these complaints, the immediately conspicuous issue is the court's decision to grant Defendants a post-deadline extension to the dispositive motion deadline without a specific finding of excusable neglect under Rule 6(b)(1)(B)[2] (*see* ECF No. 55), while at the same

---

[1] On September 11, 2018, the court denied Defendants' Motion for Relief from ADR (ECF No. 88) and ordered the parties to conduct mediation on or before October 26, 2018. (ECF No. 90.) "The parties subsequently scheduled mediation to take place on October 18, 2018." (ECF No. 95 at 4.) Thereafter, on October 12, 2018, the Magistrate Judge entered the instant Report and Recommendation recommending that the court grant summary judgment to Defendants on all of Plaintiff's claims. (ECF No. 93.)

[2] "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

5

time expressly finding a lack of good cause (*see* ECF No. 78 at 3) to allow Plaintiff to engage in discovery once she was able to obtain counsel. *Compare Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) ("'Excusable neglect' is not easily demonstrated, nor was it intended to be . . . 'the burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing. . . .'" (quoting *In re O.P.M. Leasing Serv., Inc.*, 769 F.2d 911, 917 (2d Cir. 1985))), *with Nautilus Ins. Co. v. SPM Resorts, Inc.*, C/A No. 4:13-2885-BHH, 2015 WL 5781420, at *2 (D.S.C. Sept. 29, 2015) ("Good cause exists when the moving party shows that the deadlines cannot reasonably be met despite the diligence of the party requesting the extension." (citing *Vercon Constr., Inc. v. Highland Mortg. Co.*, 187 F. App'x 264, 265 (4th Cir. 2006))). The court finds this result to be in error and, therefore, believes that Plaintiff has demonstrated her entitlement to relief from this procedural predicament. *See, e.g.*, *Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) ("To the extent that Miller argues that the district court erred in granting the respondent an extension of time . . . "[a] federal district court has both specific and inherent power to control its docket." (citation omitted)).

## V. CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES WITHOUT PREJUDICE** the Amended Motion for Summary Judgment of Defendants Lexington Medical Center and Tod Augsburger. (ECF No. 81.) The court **SUSTAINS** Plaintiff Dorothy Mae Brooks-Mills' objection (ECF No. 95) and **GRANTS** her request for an extension to the Scheduling Order. The court **REJECTS** the substantive conclusion of the Report and Recommendation (ECF No. 93) and **RECOMMITS** this action to the Magistrate Judge for further proceedings–to include

entry of an amended scheduling order–consistent with this Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 26, 2019
Columbia, South Carolina